# EXHIBIT

# “A”

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| ---------------------------------------------------------------X | Index No.: |
| POWERCAP PARTNERS LLC,<br><br>Plaintiff,<br><br>-against-<br><br>BEAUX EQUITIES LLC, YAAKOV POLLAK, MOSHE POLLAK, SHORIVGER TRUST, and RAPHAEL GROSSMAN as Trustee of the SHORIVGER TRUST,<br><br>Defendants.<br>---------------------------------------------------------------X | Plaintiff designates Kings County as the place of trial<br><br>The basis of venue is the place of business of the defendants and the location of the properties at issue |

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for relief demanded in the complaint.

Dated: New York, New York
December 19, 2017

**KOSS & SCHONFELD, LLP**

______________________
Simcha D. Schonfeld, Esq.
*Attorneys for Plaintiff*
90 John Street – Suite 408
New York, NY 10038
Tel: (212) 796-8916
Fax: (212) 401-4757

TO:

Yaakov Pollak
1130 East 9th Street
Brooklyn, New York, 100009

Moshe Pollak
1212 Avenue N
Brooklyn, NY, 11230

Beaux Equitities LLC
1130 East 9th Street
Brooklyn, New York, 100009

Shorivger Trust, Raphael Grossman, Trustee
1430 Broadway, Suite 1509
New York, NY, 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X Index No.:
POWERCAP PARTNERS LLC

Plaintiff,

**VERIFIED COMPLAINT**

-against-

BEAUX EQUITIES LLC, YAAKOV POLLAK, MOSHE POLLAK, SHORIVGER TRUST, and RAPHAEL GROSSMAN as Trustee of the SHORIVGER TRUST,

Defendants.
-----------------------------------------------------------------X

Plaintiff, as and for its Verified Complaint, by its attorneys, Koss & Schonfeld LLP, alleges as follows:

## THE PARTIES

1. At all relevant times herein, plaintiff POWERCAP PARTNERS LLC was and is a foreign limited liability company, with its principal place of business in New Jersey.

2. At all relevant times herein, Defendant BEAUX EQUITIES LLC was and is a domestic corporation with its principal place of business in the County of Kings, State of New York ("BEAUX").

3. At all relevant times herein, Defendant YAAKOV POLLAK was and is a resident of the State of New York, County of Kings ("YAAKOV").

4. Upon information and belief, YAAKOV is the sole member of BEAUX.

5. At all relevant times herein, Defendant MOSHE POLLAK was and is a resident of the State of New York, County of Kings ("MOSHE").

6. At all relevant times herein, Defendant SHORIVGER TRUST was and is a validly formed and existing trust, with its principal place of business in New York County (the

"TRUST").

7. Upon information and belief, RAPHAEL GROSSMAN ("GROSSMAN") was and is a family member of Defendants MOSHE and / or YAAKOV.

## FACTUAL ALLEGATIONS

8. On or about April 13, 2017, YAAKOV borrowed the sum of $750,000.00 from Plaintiff, which loan was due to be paid in full on or before June 13, 2017 (the "First Loan").

9. At the time of the First Loan, BEAUX was the sole beneficial owner of the property known as 5405 18th Avenue, Brooklyn, New York (the "5405 Property").

10. At the time of the First Loan, BEAUX was the sole beneficial owner of the property known as 5409 18th Avenue, Brooklyn, New York (the "5409 Property").

11. At the time of the First Loan, BEAUX was the sole beneficial owner of the property known as 5411 18th Avenue, Brooklyn, New York (the "5411 Property").

12. As and for security for the First Loan, YAAKOV pledged 100% of the membership interests of BEAUX to Plaintiff.

13. As and for additional security for the First Loan, BEAUX executed a Deed in Lieu of Foreclosure in favor of Plaintiff.

14. As and for additional security for the First Loan, YAAKOV executed a Declaration of Restriction on behalf of BEAUX and in favor of Plaintiff, whereby BEAUX agreed that it shall not "mortgage, assign, lease, convey, transfer, encumber, pledge, hypothecate or otherwise take any action creating a security interest in [BEAUX] and / or" the aforesaid properties (the "Declaration").

15. The Declaration was recorded in the Office of the City Register on May 16, 2017, CRFN# 2017051600470010 0EFC0F.

16. On or about May 16, 2017, Plaintiff loaned the sum of $265,000.00 to YAAKOV and MOSHE (the "Second Loan").

17. At the time of the Second Loan, BEAUX was the sole beneficial owner of the 5405 Property, the 5409 Property and the 5411 Property (collectively the "Properties").

18. As and for security for the Second Loan, YAAKOV pledged 100% of the membership interests of BEAUX to Plaintiff.

19. Following an agreed extension, the First Loan and Second Loan became due and payable on October 31, 2017.

20. YAAKOV and MOSHE have defaulted on their payment obligations with respect to the First Loan and the Second Loan.

21. At the time of the execution of the First Loan, BEAUX and YAAKOV represented and warranted to Plaintiff that the membership interests of BEAUX were unencumbered.

22. At the time of the execution of the First Loan, BEAUX and YAAKOV represented and warranted to Plaintiff that the Properties had not been pledged to any individual or entity, other than Kearny Bank.

23. At the time of the execution of the Second Loan, BEAUX, YAAKOV and MOSHE represented and warranted to Plaintiff that the Properties had not been pledged to any individual or entity, other than Kearny Bank.

24. On or about November 27, 2017, a Deed was recorded purporting to convey the Properties to the TRUST, CRFN# 2017112700372001002EEDFA (the "Trust Deed").

25. The Trust Deed was recorded in violation of the Declaration.

**FIRST CAUSE OF ACTION – AGAINST THE TRUST AND BEAUX**

**PURSUANT TO RPAPL ARTICLE 15**

26. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-25 as if fully restated herein.

27. This action is brought pursuant to Article 15 of the New York Real Property Actions and Proceedings Law to compel a determination of the claims relating to the ownership of the Property.

28. Despite the fact it was prohibited, TRUST recorded a Deed in express violation of the Declaration.

29. By the express terms of the Declaration, any conveyance without the written consent of David Fleischmann, Esq. "shall be null and void and of no force and effect."

30. BEAUX did not obtain written consent required under the Declaration prior to the Trust Deed being recorded.

31. TRUST did not obtain written consent required under the Declaration prior to the Trust Deed being recorded.

32. YAAKOV and MOSHE did not obtain written consent required under the Declaration prior to the Trust Deed being recorded.

33. The purported conveyance of the Properties by BEAUX to TRUST is therefore invalid as a matter of law.

34. Accordingly, plaintiff is entitled to a judgment:

a. Declaring that the Trust Deed is void as a matter of law; and

b. Directing the Register of the County of Kings to cancel and discharge of record the Trust Deed.

**SECOND CAUSE OF ACTION – BEAUX'S FRAUD**

35. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-34 as if fully restated herein.

36. At the time that the First Loan was entered into, BEAUX represented and warranted to Plaintiff that the Properties had not been pledged to any individual or entity, other than Kearny Bank.

37. This representation was false.

38. At the time that the Second Loan was entered into, BEAUX represented and warranted to Plaintiff that the Properties had not been pledged to any individual or entity, other than Kearny Bank.

39. This representation was false.

40. The pledge of the Properties by BEAUX to Plaintiff at a time that it had already executed the Trust Deed in favor of a different party amounted to fraud.

41. The representations by BEAUX that the Properties were free and clear and unencumbered by any liens or pledges other than Kearny Bank, amounted to fraud.

42. The execution by BEAUX of a Deed in Lieu of Foreclosure in favor to Plaintiff at a time that it had already executed the Trust Deed in favor of a different party amounted to fraud.

43. Plaintiff justifiably relied upon the representations of BEAUX in entering into the loans.

44. Plaintiff would not have made the aforesaid loans to BEAUX had it known that the Trust Deed was already executed at the time that the loans were made.

45. As a direct and proximate result of BEAUX's fraud, the Plaintiff has been damaged in an amount to be determined by the Court, but in no event less than $1,015,000.00.

46. BEAUX's conduct was fraudulent, willful, malicious, and oppressive beyond the bounds of common decency and was intended to harm plaintiff. Plaintiff is therefore entitled to recover punitive damages in the amount of $5,000,000.00.

**THIRD CAUSE OF ACTION – YAAKOV POLLAK AND MOSHE POLLAK'S FRAUD**

47. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-46 as if fully restated herein.

48. Throughout their dealings with the Plaintiff, YAAKOV and MOSHE represented and warranted to Plaintiff that the Properties were free and clear and unencumbered by any liens or pledges, other than to Kearny Bank.

49. These representations were false.

50. At the time that the First Loan was entered into, YAAKOV and MOSHE represented and warranted to Plaintiff that the Properties were free and clear and unencumbered by any liens or pledges, other than to Kearny Bank.

51. This representation was false.

52. At the time that the Second Loan was entered into, YAAKOV and MOSHE represented and warranted to Plaintiff that the Properties were free and clear and unencumbered by any liens or pledges, other than to Kearny Bank.

53. This representation was false.

54. The representations by YAAKOV and MOSHE that the Properties were free and clear and unencumbered by any liens or pledges amounted to fraud.

55. Plaintiff justifiably relied upon the representations of YAAKOV and MOSHE in entering into the loans.

56. Plaintiff would not have made the aforesaid loans to BEAUX had it known that

the Trust Deed was already executed at the time that the loans were made.

57. As a direct and proximate result of YAAKOV and MOSHE's fraud, the Plaintiff has been damaged in an amount to be determined by the Court, but in no event less than $1,015,000.00.

58. YAAKOV and MOSHE's conduct was fraudulent, willful, malicious, and oppressive beyond the bounds of common decency and was intended to harm Plaintiff. Plaintiff is therefore entitled to recover punitive damages in the amount of $5,000,000.00.

**FOURTH CAUSE OF ACTION – THE TRUST'S FRAUD**

59. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-58 as if fully restated herein.

60. The Declaration was recorded prior to recording of the Trust Deed.

61. Defendant TRUST had actual notice that the Trust Deed was void.

62. Defendant TRUST had constructive notice that the Trust Deed was void.

63. TRUST recorded the Trust Deed despite the fact that it knew or should have known that it was precluded from doing so.

64. Upon information and belief, TRUST colluded with BEAUX to defraud Plaintiff of its right to take possession of the Properties.

65. Upon information and belief, TRUST colluded with YAAKOV and MOSHE to defraud Plaintiff of its right to take possession of the Properties.

66. TRUST was and is wrongfully in possession of the Properties that belong to Plaintiff by virtue of the Deed in Lieu of Foreclosure and / or the pledge of membership interests of BEAUX.

67. Furthermore, Plaintiff is entitled to be vested with sole, unencumbered title to the

Properties.

68. As a result, Plaintiff was and is and continues to be damaged in amount to be determined by this Court and that exceeds the jurisdictional limit of all inferior courts but in no event less than $1,015,000.00.

69. Defendants' conduct was fraudulent, willful, malicious, and oppressive beyond the bounds of common decency and was intended to harm Plaintiff. Plaintiff is therefore entitled to recover punitive damages in the amount of $5,000,000.00.

**FIFTH CAUSE OF ACTION – TRUST'S**
**TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS**

70. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-69 as if fully restated herein.

71. Defendant TRUST has wrongfully interfered in the relationship between Plaintiff and the remaining Defendants.

72. Defendant TRUST has wrongfully caused Defendants YAAKOV and BEAUX to breach the terms of the loan documents accompanying the First Loan.

73. Defendant TRUST has wrongfully caused the Defendants to breach the terms of the loan documents accompanying the Second Loan.

74. By recording the Trust Deed, TRUST rendered compliance by Defendants BEAUX, YAAKOV and MOSHE with the terms of the loan documents impossible.

75. TRUST unjustly gained benefits rightfully belonging to Plaintiff.

76. As a direct and proximate result of the wrongful conduct of TRUST, Plaintiff has been significantly damaged in an amount to be determined by the Court, but not less than $1,015,000.00.

**SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT**

77. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-76 as if fully restated herein.

78. As a result of the wrongful conduct of TRUST, TRUST improperly reaped significant benefits, including, but not limited to, improper title to the Properties.

79. TRUST's improperly gained benefits came at the expense of the Plaintiff.

80. Given the malicious, tortious, and fraudulent conduct in which TRUST has engaged, detailed herein, equity and good conscience militate against permitting TRUST to retain title to the Properties.

81. As a result, Plaintiff was and continues to be damaged in amount to be determined by this Court and that exceeds the jurisdictional limit of all inferior courts, but in no event less than $1,015,000.00.

**SEVENTH CAUSE OF ACTION – INJUNCTIVE RELIEF**

82. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-81 as if fully restated herein.

83. Upon information and belief, TRUST intends to sell, transfer or convey title to the Properties to a third party.

84. Plaintiff seeks to have the Trust Deed cancelled and vacated and title to the Properties vested in the name of Plaintiff in accordance with the Deed in Lieu of Foreclosure.

85. Under the circumstances noted herein, TRUST has not acquired valid title to the Properties by virtue of the Deed in Lieu of Foreclosure and / or the pledge of membership interests of BEAUX.

86. An Order should be granted restraining TRUST from conveying title to the

Properties to any individual or entity pending resolution of this action.

87. If an Order is not granted restraining TRUST from conveying title to the Properties to any individual or entity pending resolution of this action, Plaintiff will be irreparably harmed.

88. Plaintiff therefore seeks an Order by way of injunction, restraining TRUST from taking any action whatsoever with respect to the ownership of the Properties.

WHEREFORE, Plaintiff demands that the Court:

1) Enter judgment against the Defendants on the First Cause of Action extinguishing the Trust Deed and directing the City Clerk to expunge the Trust Deed from the record;
2) Enter judgment against the Defendants on causes of action Second through Sixth Causes of Action in an amount to be determined at trial, but in no event less than $1,015,000.00;
3) Issue an injunction restraining TRUST from taking any action whatsoever with respect to the ownership of the Properties;
4) Award to Plaintiff punitive damages in an amount to be determined at trial, but in no event less than $5,000,000.00;
5) Award to Plaintiff all costs, expenses, disbursements, attorneys' fees, and interest; and
6) Award to plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 19, 2017

**KOSS & SCHONFELD, LLP**

Simcha D. Schonfeld, Esq.
*Attorneys for Plaintiff*
90 John Street – Suite 408
New York, NY 10038
Tel: (212) 796-8916
Fax: (212) 401-4757

# ATTORNEY VERIFICATION

STATE OF NEW YORK )
)ss:
COUNTY OF NEW YORK )

Simcha D. Schonfeld, an attorney admitted to practice law before the Courts of the State of New York, hereby affirms as true under the penalties of perjury that affiant is the attorney of record for the within action; that affiant has read the foregoing Complaint and knows the contents thereof; that same is true as to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and as to those matters, affiant believes same to be true. Affiant further states that the reason this affirmation is made by affiant and not by plaintiffs is that affiant's office for the practice of law is located in a different county than that of plaintiffs' residences.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements made by plaintiff and affiant's own general investigation into the facts and circumstances of this action.

Dated: New York, New York
December 19, 2017

Simcha D. Schonfeld, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| POWERCAP PARTNERS LLC,<br><br>Plaintiff,<br><br>-against-<br><br>BEAUX EQUITIES LLC, YAAKOV POLLAK, MOSHE POLLAK, SHORIVGER TRUST, and RAPHAEL GROSSMAN as Trustee of the SHORIVGER TRUST,<br><br>*Defendants*. | **INDEX NO. 524411/2017**<br>**DATE PURCHASED: December 19, 2017**<br><br>**NOTICE OF PENDENCY**<br><br>**BLOCK: 5487**<br>**LOTS: 6, 7, 8**<br>**KINGS COUNTY** |

**NOTICE IS HEREBY GIVEN** that an action has been commenced and is now pending in this Court upon the complaint of the above-named Plaintiff, POWERCAP PARTNERS LLC, against the above named Defendants, BEAUX EQUITIES LLC, YAAKOV POLLAK, MOSHE POLLAK, SHORIVGER TRUST, and RAPHAEL GROSSMAN as Trustee of the SHORIVGER TRUST, to recover possession of the property located at 5405 18th Avenue, Brooklyn, New York, Block 5487, Lot 8; 5409 18th Avenue, Brooklyn, New York, Block 5487, Lot 7; and 5411 18th Avenue, Brooklyn, New York, Block 5487, Lot 6 (collectively the "Properties"), and to extinguish that certain Deed executed by BEAUX EQUITIES LLC ("BEAUX") in favor of SHORIVGER TRUST, CRFN# 2017112700372001002EEDFA, which Deed was recorded in violation of that certain Declaration of Restriction executed by BEAUX and in favor of Plaintiff, whereby BEAUX agreed that it shall not "mortgage, assign, lease, convey, transfer, encumber, pledge, hypothecate or otherwise take any action creating a security interest in [BEAUX] and / or" the aforesaid Properties, and recorded in the Office of the City Register on May 16, 2017, CRFN# 20170516004700100EFC0F.

**AND NOTICE IS FURTHER GIVEN THAT** the premises affected by the said action were, at the time of the commencement thereof and at the time of the filing of this notice, bounded and described as follows:

5405 18th Avenue, Brooklyn, New York, Block 5487, Lot 8;

5409 18th Avenue, Brooklyn, New York, Block 5487, Lot 7; and

5411 18th Avenue, Brooklyn, New York, Block 5487, Lot 6

**TO THE CLERK OF KINGS COUNTY, NEW YORK**

You are hereby required to index this notice to the names of each of the following defendants: BEAUX EQUITIES LLC, YAAKOV POLLAK, MOSHE POLLAK, SHORIVGER TRUST, and RAPHAEL GROSSMAN as Trustee of the SHORIVGER TRUST.

The number of each block on the land map of the county which is affected hereby, is as follows: Block No. 5487 and Lots No. 6, 7, 8 in Kings County, New York.

The legal description of the property is as follows:

PARCEL A
ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southeasterly side of 18th Avenue distant 40 feet southwesterly from the corner formed by the intersection of the southeasterly side of 18th Avenue and the southwesterly side of 54th Street;

RUNNING THENCE southeasterly parallel with 54th Street, 100 feet;

THENCE southwesterly parallel with 18th Avenue, 20 feet;

THENCE northwesterly parallel with 54th Street and part of the distance through a party wall 100 feet to the southeasterly side of 18th Avenue;

THENCE northeasterly along the southeasterly side of 18th Avenue 20 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 8 in Block 5487 on the Kings County Tax Map.
Said premises is known as: 5405 18th Avenue, Brooklyn, NY

PARCEL B
ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southeasterly side of 18th Avenue distant 60 feet southwesterly from the corner formed by the intersection of the southeasterly side of 18th Avenue and the southwesterly side of 54th Street;

RUNNING THENCE southeasterly parallel with 54th Street and part of the distance through a party wall, 100 feet;

THENCE southwesterly parallel with 18th Avenue, 20 feet;

THENCE northwesterly parallel with 54th Street and part of the distance through a party wall, 100 feet to the southeasterly side of 18th Avenue;

THENCE northeasterly along the southeasterly side of 18th Avenue, 20 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 7 in Block 5487 on the Kings County Tax Map.
Said premises is known as: 5409 18th Avenue, Brooklyn, NY

PARCEL C
ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southeasterly side of 18th Avenue distant 80 feet southwesterly from the corner formed by the intersection of the southeasterly side of 18th Avenue and the southwesterly side of 54th Street;

RUNNING THENCE southeasterly parallel with 54th Street and part of the distance through a party wall 100 feet;

THENCE southwesterly parallel with 18th Avenue, 20 feet;

THENCE northwesterly parallel with 54th Street and part of the distance through a party wall 100 feet to the southeasterly side of 18th Avenue;

THENCE northeasterly along the southeasterly side of 18th Avenue, 20 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 6 in Block 5487 on the Kings
Said premises is known as: 5411 18th Avenue, Brooklyn, NY

Dated: New York, New York
December 19, 2017

**KOSS & SCHONFELD, LLP**

Simcha D. Schonfeld, Esq.
*Attorneys for Plaintiff*
90 John Street – Suite 408
New York, NY 10038
Tel: (212) 796-8916
Fax: (212) 401-4757