UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                        Chapter 11 (Subchapter V)

BEAUX EQUITIES LLC,                            Case No.: 25-40119-jmm


                      Debtor.
-----------------------------------------------------------X
POWERCAP PARTNERS LLC,

                      Plaintiff,                   Adv. Proc. No.: 25-01037-jmm

      -against-

BEAUX EQUITIES LLC, YAAKOV POLLAK,
MOSHE POLLAK, SHORIVGER TRUST, and
RAPHAEL GROSSMAN AS TRUSTEE OF THE
SHORIVGER TRUST,

                      Defendants.
-----------------------------------------------------------X

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

**WHEREAS**, on April 9, 2025, Beaux Equities LLC (the "Debtor") filed a notice of removal [Adv. Proc. Dkt. No. 1], removing the above captioned proceedings to the Bankruptcy Court, and was assigned adversary proceeding docket number 25-01037-jmm (the "Adversary Proceeding"); and

**WHEREAS**, on May 9, 2025, Shorivger Trust ("Shorivger") filed a motion [Dkt. No. 39] to remand the Adversary Proceeding (the "Remand Motion"); and

**WHEREAS**, on the record of hearing held June 18, 2025, the Remand Motion was withdrawn by Shorivger without prejudice to renewal; and

**WHEREAS**, on July 16, 2025, the Debtor moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as incorporated into these proceedings by Rule 7056 of

the Federal Rules of Bankruptcy Procedure [Adv. Proc. Dkt. No. 10] (the "Debtor MSJ"); and

**WHEREAS**, also on July 16, 2025, Shorivger and Raphael Grossman as Trustee of Shorivger Trust (together with Shorivger, the "Shorivger Parties") moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as incorporated into these proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure [Adv. Proc. Dkt. Nos. 12-14] (the "Shorivger MSJ", and together with the Debtor MSJ, the "MSJs"); and

**WHEREAS**, on August 4, 2025, the Debtor objected to the Shorivger MSJ [Adv. Proc. Dkt. No. 17], and the Shorivger Parties objected to the Debtor MSJ [Adv. Proc. Dkt. No. 19]; and

**WHEREAS**, on August 7, 2025, the Debtor filed a reply to the Shorivger Parties 'objection [Adv. Proc. Dkt. No. 21], and on August 8, 2025, the Shorivger Parties filed a reply to the Debtor's objection [Adv. Proc. Dkt. No. 23]; and

**WHEREAS**, the Court held oral argument on the MSJs on August 11, 2025, and the hearing were adjourned; and

**WHEREAS**, a hearing was held before the Court on November 5, 2025 (the "Hearing"), at which counsel for the Debtor and the Shorivger Parties appeared; and

**WHEREAS**, the Court read a decision into the record of the Hearing, which is incorporated herein; and

**WHEREAS**, for all of the reasons stated on the record of the Hearing, and after due deliberation and good cause appearing, it is hereby:

**ORDERED**, that the Debtor MSJ is DENIED with leave to renew the Debtor's first cross claim in the event the Debtor is successful on its first cause of action in Adversary Proceeding 25-01105; and it is further

**ORDERED**, that the Shorivger MSJ is DENIED; and it is further

**ORDERED**, that the Court may retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 25, 2025
      Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge