UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF BROOKLYN

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

BEAUX EQUITIES LLC,                          Main Case No.

     Debtor.                                1-25-40119-jmm

- - - - - - - - - - - - - - - - - - - - -x

BEAUX EQUITIES LLC,

     Plaintiff,                             Adv. Proc. No.

v.                                           1-25-01105-jmm

SHORIVGER TRUST, et al.,

     Defendants.

- - - - - - - - - - - - - - - - - - - - -x

POWERCAP PARTNERS LLC

     Plaintiff,                             Adv. Proc. No.

v.                                           1-25-01037-jmm

BEAUX EQUITIES LLC

     Defendant.

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES BANKRUPTCY COURT

271-C CADMAN PLAZA EAST

#1595

BROOKLYN, NY 11201


November 5, 2025

02:16 PM

B E F O R E:

HON. JIL MAZER-MARINO

U.S. BANKRUPTCY JUDGE

ECRO:   COURT PERSONNEL

Motion to Dismiss case filed by Lawrence Richard Kulak on behalf of Israel Grossman, Raphael Grossman as trustee of the Shorivger Trust, Shorivger Trust. Attachments: #1 Attorney Declaration # 2 Exhibit A Deed of recording documents #3 Exhibit B March 30, 2016 document # 4 Exhibit C March 31, 2016 Document #5 Exhibit D Gutman Mortgage #6 Exhibit E. Kearny Bank Mortgage # 7 Exhibit F Emails #8 Israel Grossman affidavit #9 Exhibit 1 proposed mortgage # 10 Memorandum of Law)

(1-25-40119-jmm)

Pre-trial conference (1-25-40119-jmm)

Transcribed by:   Tamara Bentzur

eScribers, LLC

7227 North 16th Street, Suite #207

Phoenix, AZ 85020

(800) 257-0885

operations@escribers.net

A P P E A R A N C E S (All present by video or telephone):

ROSEN, TSIONIS & PIZZO, PLLC

    Attorney for Debtors

    38 New Street

    Huntington, NY 11743

BY:  DANIEL LEBRUN, ESQ.

    AVRUM J ROSEN, ESQ.

LAW OFFICE OF LAWRENCE R. KULACK

    Attorneys for Shorivger Trust, Israel Grossman,

    Raphael Grossman as Trustee of the Shorivger Trust

    1078 East 15th Street

    Brooklyn, NY 11230

BY:  LAWRENCE RICHARD KULAK, ESQ.

FORCELLI DEEGAN TERRANA, LLP

    Attorneys for Subchapter V Trustee

    333 Earle Ovington Blvd.

    Suite 1010

    Uniondale, NY 11553

BY:  GERARD R LUCKMAN, ESQ.

Beaux Equities,LLC

P R O C E E D I N G S

THE COURT:  Calendar numbers 64, 65, 66, 67, 68, 69, and 70, Powercap v. Beaux Equities, adversary proceeding 25-1037; Beaux Equities v. Shorivger, adversary proceeding 25-1105; and Beaux Equities case number 25-40119.  Appearances, please.

MR. LEBRUN:  Good afternoon, Your Honor.  Daniel LeBrun, Rosen, Tsionis & Pizzo, PLLC, counsel for the debtor.

MR. ROSEN:  Good afternoon, Your Honor.  Avrum Rosen, same firm.  I'm just here for moral support today.  Mr. LeBrun will be arguing everything.  Thank you.

MR. ROSEN:  Good afternoon, Your Honor, Gerard Luckman, Subchapter V Trustee.

MR. KULAK:  Good afternoon, Your Honor.  Lawrence Kulak on behalf of Shorivger Trust, Rafael Grossman as trustee, and Israel Grossman.

THE COURT:  All right.  So in the main case we have the hearing on the debtor's objection to the proof of claim. We have initial status conference, and then we have the trust motion to dismiss the case or for relief from stay.  I think I'd just like to hear status.

I mean, I know what I need to do today on the two adversary proceedings and the motion to dismiss and the claim objection.  But I just want to know where we're at.  So let me

Beaux Equities, LLC

hear from Mr. LeBrun first, and then I'll hear from Mr. Luckman. And then Mr. Kulak, if you want to weigh in, that's fine with me.

Go ahead, Mr. LeBrun.

MR. LEBRUN: Thank you, Your Honor. Daniel LeBrun again for dinner. So far as status, there's not too much to report here, monthly reports are mostly current. September's still outstanding, and that'll be filed soon.

There's no U.S. Trustee fees since this is a Sub V case. Other than that, we passed the bar date. A plan has been filed. Basically waiting for an outcome from litigation whether it needs to be amended to move forward towards confirmation. But so far as status, that's really where we're at on the motion to dismiss. Alternately, for relief from stay has been essentially carried with the hearings.

THE COURT: All right. Thank you.

Mr. Luckman, anything from you?

MR. LUCKMAN: Gerard Luckman, Sub V Trustee, nothing further to add to status other than I've been kind of on the sidelines monitoring the case with the litigation pending. Not sure at what point in the litigation the parties may decide to reach out.

I don't know if this is something that can or cannot be mediated. I don't know if it's a one hundred percent win or lose type of situation, or if there's some grounds for

Beaux Equities,LLC

resolution that the parties may want to discuss.  I'm very happy to engage in that if the parties want to do that, but they're still at a point in the litigation where they're not ready to start talking.  They're still fighting.

THE COURT:  Yeah.  Thank you.  Maybe after today, after I give the folks some guidance, maybe there'll be a better idea of what the settlement parameters could be.

Mr. Kulak, did you want to weigh in just on status in the main case?

MR. KULAK:  If I could judge.  And I think that this relates to the lack of the monthly operating report for September.  I have received a copy of a check.  That was -- the payor is one of the tenants of the real property.  On the memo of the check, it indicates rent September.  The date of the check is September 1st of this year.  The check is in the amount of $7,065.  But the check is not made payable to the debtor.  It's made payable to a Gray Oak Holdings.

I did a Department of State, New York State Department of State Division of Corporations search and that precise name does not appear.  But there is a Gray Oak Associates, Incorporated that does.  And when I Googled that, that listed an address of 6409 18th Avenue, Brooklyn, which is the address of the real property in question.

Now, I'm not sure why a check would be made payable to an entity other than the debtor.  It was deposited in a Dime

Beaux Equities,LLC

Community Bank account.  There is an endorsement on the back of the check that appears to say Gray Oaks Holdings.

From my point of view this is, at a minimum, disconcerting and potentially more serious than that.  I want to bring this to the Court's attention and tell the Court that I intend to pursue discovery as to the circumstances under which this was issued, particularly in light of the fact, as the Court may recall, I also represent the secured creditor 5405-5411 18th Avenue Trust, which for shorthand if you don't mind, I'll refer to it as the 18th Avenue Trust.

The secured creditor resulting from the Kearny Bank mortgage, which is in foreclosure, o payments have been made in, I think, well over maybe three years concerning that property.  Again, this, from my point of view, potentially raises a series of serious questions.  And again, I know I'm repeating myself.  It is my intent to pursue discovery and to find out exactly what's going on here.

THE COURT:  All right, fair.

Mr. LeBrun, do you want to address that in any way?  It may be news to you.

MR. LEBRUN:  Daniel LeBrun again for the debtor, Your Honor.  As I'm sure you could tell from some of my facial expressions, that wasn't the good news.  I will be speaking to client and trying to get to the bottom of this, and hopefully we can resolve this informally before any need for formal

Beaux Equities,LLC

discovery takes place.

THE COURT:  Sure.

MR. LEBRUN:  And just to be clear, that was the -- the name was Gray Oak and Associates that you had said?

MR. KULAK:  Yeah.  Gray Oak Holdings is the payee of the Check.  The payor is Pharmahouse RX, LLC, d/b/a 18th Avenue Pharmacy.  And the address for the payor on the check is the real property, 5411 18th Avenue, Brooklyn, New York.  And I will be more than happy to forward a copy of this to you as soon as we're off.

MR. LEBRUN:  Yes, please do.  Thank you.

THE COURT:  All right.  That's fine.  And just so you know, I'm pretty liberal with 2004, in the sense that I permit the motions to be made ex-parte.  And then what you get is you just get an order that says that you can issue a subpoena. And that everybody's right to seek to quash or whatever, or for protective order are preserved.  So the form order should be on my website.  So if you're just looking to get an order that permits you to serve a subpoena on Gray Oak, that could probably be entered in short order.

I do think that Mr. LeBrun's idea of trying to figure it out first may make sense.  But I understand where you're coming from.  It probably needs to be resolved pretty quickly one way or the other.  All right.

MR. ROSEN:  Your Honor, this is Mr. Rosen.  We

Beaux Equities,LLC

obviously take our responsibilities in that matter pretty seriously, so we'll be -- but the check has a notation that it's for rent on it?

MR. KULAK:  Yes.  It says in the memo it says for rent September.

MR. ROSEN:  Okay.  That's all I wanted to know.

THE COURT:  All right.

MR. ROSEN:  Thank you.

THE COURT:  All right.  Perfect.  So what I was going to do today is address the motion for summary judgment in the adversary proceeding Powercap v. Beaux Equity.  And also address, probably first order, is the motion to dismiss in the in adversary proceeding 25-1105 Beaux Equity v. Shorivger.

I think I was going to ask if you wanted to make argument, and then I would read you a decision or consider your argument and then read a decision in Beaux v. Shorivger, understanding that what I may hear -- an argument may change my mind, and I may just reserve it.

And then hit the Powercap adversary proceeding and give you my thoughts on the motions for summary judgment.  But I wanted to take a step back and just make sure that that made sense today.

So Mr. LeBrun, let me hear from you.

MR. LEBRUN:  I believe that makes sense, Your Honor. We're not -- the papers can generally stand for themselves.  If

Beaux Equities,LLC

you're open to hearing arguments, I have a few points I'd like to highlight.  But other than that the papers can stand sense themselves on our end if you're ready for your decision.

THE COURT:  All right.  And Mr. Kulak, that makes sense to you?

MR. KULAK:  Judge, I would like to just make a few brief points to the Court with respect to the Beaux Equities v. Shorivger adversary proceeding, if I could.

THE COURT:  Of course.  So I would like to start with Beaux Equities v. Shorivger.  And it's your motion, so I do think that you should go first.  And then I'll hear from Mr. LeBrun, and we'll take it from there.  All right.

MR. KULAK:  Okay.

THE COURT:  Go ahead, Kulak.

MR. KULAK:  Thank you, Judge.  Judge  the -- what I referred to as the second adversary proceeding has a complaint that's been filed with three causes of action.  The first cause of action seeks a declaratory judgment that the deed in question be declared, in actuality, a mortgage rather than a conveyance of title.

And the remaining two causes of action are dependent upon the outcome of the first cause of action.  So I'm going to focus, and again, I'll be brief, the on the motion concerning the first cause of action regarding a 12(b)(6) motion.  I'm acutely aware the Court is well versed in the standard that is

to be considered in determining that motion.  So I won't delve into that.

The two points, Judge, or the two bases for the granting of the motion, they both are of equal importance.  The first is it's my position that the debtor cannot succeed on its first cause of action, based upon the affirmative defense of equitable estoppel.

And in a nutshell, here we have a situation where, after the deed was executed and delivered, Yaakov Pollack, who was the sole member of the debtor, requested and subsequently made a promise not to take out any new mortgages as part of this request that the deed not be recorded by my client, Shorivger Trust.

After having made that promise, and that promise was memorialized in a document that is part of the debtor's complaint in paragraph 37, Mr. Pollok gave two mortgages against the real property in question, in the substantial amount of approximately $1.3 million.  That's a combined total of the two mortgages.

He breached that promise.  And obviously, the giving of those two mortgages significantly diminished the equity in the property, thereby harming my clients and also potentially the 18th Avenue Trust, the assignee of the Kearny Bank mortgage.  Based upon that, I believe that the affirmative defense of equitable estoppel is perfectly suited for this

Beaux Equities,LLC

situation.  It bars, it prohibits the debtor from being successful on that first cause of action.

And I would note that, in its objection, the debtor raised the issue of the submission of an affirmation from Israel Grossman.  It supported the motion.  And I would note to the Court that that affirmation is absolutely unnecessary in the applicability of the doctrine of equitable estoppel because the promise, the promise that was a false representation that was breached by the debtor, by Yaakov Pollack its sole member, is in its complaint in paragraph 37.

And the giving of the two mortgages is a matter of public record in an ACRA search.  And those two mortgages are in various submissions to this Court, as well as numerous admissions in the state court, which is the matter that was removed a while ago to this Court.  So it's my position that the doctrine of equitable estoppel precludes the debtor's success on that first cause of action.

But the second point is, Judge, the complaint merely contains conclusory allegations and legal conclusions which masquerade as factual conclusions.  But in all of that -- in all of that, there is absolutely no allegation concerning the terms of this alleged mortgage.  There's no allegation regarding rate of interest, the term, the conditions of repayment, how repayment is supposed to be made, and that basically -- those basic terms of a mortgage, the absence of

Beaux Equities,LLC

those by an entity attempting to overcome the presumption that a deed is the deed and not a mortgage, but the absence of making those specific allegations is fatal to the attempt of having a declaratory judgment issued saying that the deed is, in fact, a mortgage, clearly under New York State law.

And in my reply papers, I've cited the relevant sections of the state law.  So for those two reasons, Your Honor, I believe that the first cause of action cannot succeed the motion.  The motion should be dismissed.  And based upon the dismissal, then there is the second cause of action which seeks to have the mortgage, if you will, and I say that in air quotes, declared invalid as a violation of the New York State statute of frauds becomes moot.

And I would assert that the third cause of action, which is an objection to Shorivger Trust claim also is rendered moot.  Thank you, Judge.

THE COURT:  All right.  Thank you.  I have one question.  And then I'll hold the rest of my comments until after I hear from Mr. LeBrun.  But with respect to the agreement by the Polloks not to further encumber the property, that may be an exhibit to the complaint, but you refer to the two subsequent mortgages that were given in violation of the agreement.  Are those referenced in the complaint, or the documents referenced in the complaint, or the attachments to the complaint?

Beaux Equities,LLC

MR. KULAK:  I don't believe they are, Your Honor.

THE COURT:  All right.  Fair.

I just need one second and then, Mr. LeBrun, I'll hear from you.

MR. LEBRUN:  Okay.

(Pause)

THE COURT:  All right, Mr. LeBrun.

MR. LEBRUN:  Thank you, Your Honor.  Daniel LeBrun here again for the debtor.  Your Honor, so there are really three primary components here, and I'll wait until Mr. Kulak argues.  I mean, of course, the main point being equitable estoppel ss well as just that there's no allegations concerning terms of the mortgage.

Your Honor, as to equitable estoppel argument, to the extent that's appropriate here at this time under a motion to dismiss, I believe that we've made that argument pretty sufficiently in our papers, but specifically to the fact that, even as stated by the defendants here, equitable estoppel is as to the time of the agreement.  And any of these other mortgages that came along down the line were not until months later.

Further, I think equitable estoppel inherently implies clean hands or having clean hands in the transaction, which we've argued in our complaints and many other papers here that were not as the basis of the deed is a series of usurious loans is the debtor's position.

Beaux Equities,LLC

Another main point here, though, Your Honor, is with respect to the allegations that how could this be a mortgage if there's no terms to the mortgage? But apparently this only applies to mortgages and not conveyance of the property under deeds. At no point have the defendants ever rebutted the debtor's argument that the deed does not satisfy statute of frauds whatsoever.

There's no terms of payment, or there's no purchase price. There's no, terms whatsoever. It's just a naked deed that's relied upon. The defendants have admitted that the only documents pertaining to the exchange are the deed, and then the two letters that were executed the next day.

Now again, even though factual allegations outside the complaint are to be disregarded, even under the debtor's version of events or the defendant's version of the events, they're consistent with the allegations raised in the complaint.

You know, the defendants say that Yaakov agreed to convey the properties for the capital advanced already, as well as the additional sum of $1.2 million. They say that, even though they couldn't fund that total amount immediately, nonetheless, they executed this naked deed to convey the properties.

Moreover, I mean, now they're arguing that they really cared about these recording statutes, and we're very mindful of

Beaux Equities,LLC

them.  But the deed was executed on March 29th, 2016.  And they say that Yaakov called to request delaying the recording the next day.  You know, it begs the question, why was the deed not recorded immediately upon execution if this truly was the conveyance?

Again hammering in the point, Your Honor, that they say that Israel was the one who prepared this letter that was executed by Yaakov tangential to the deed, which we believe is just a direct admission that they knew the deed was an actual conveyance, because, again, how could the debtor agree not to further encumber property that it doesn't allegedly own anymore?  It doesn't make sense, Your Honor.

You know, the whole purpose of Real Property Law, Section 320 is to prevent exactly what happened here, which is the practice of lenders to take a deed as security for loan without paying mortgage recording taxes, which, as noted in the motion, would have been pretty substantial in this case on a commercial building.

And last but not least, Your Honor, I recall from the hearing held in August where Your Honor had directly asked opposing counsel here whether Shorivger Trust would have an obligation to convey the property back to the debtor if the full purchase price was paid, to which counsel said, yes, absolutely.  And that same statement was made in the papers before the Court today.

Beaux Equities,LLC

If nothing else, we believe that this obligation to reconvey the property, even though not put in writing anywhere, cements debtor's argument that this was, indeed, a mortgage which could satisfy the principal price and have the property back. And that's all I have, Your Honor. Thank you.

THE COURT: All right. Thank you. Okay. So I'm going to read my decision into the record. Admittedly, it's a little rough, but I do this because I believe it's important to get you an answer quickly because it's not lost on me that, while you're here, things like real estate taxes accrue, insurance accrues. And it's important that the debtor and the creditor be able to understand who owns the property and that the debtor, assuming that I buy its argument, knows how much it's going to cost the debtor to get out of bankruptcy.

So that's why I do it this way. And I apologize if the decision is not elegant or even well-crafted, but I think it's complete enough for you to understand what the outcome is. All right.

So this is the court's decision on the motion to dismiss in an adversary proceeding 25-1105. This Court has jurisdiction to hear and determine this contested matter under 28 U.S.C. 157(a), 157(b)(1), and 1334(b) in the standing order of reference entered by the United States District Court for the Eastern District of New York dated August 28th, 1986, as amended by order dated December 5th, 2012. This contested

Beaux Equities,LLC

matter is a court proceeding under 28 U.S.C. 157(b)(2)(A) and (C).

By way of procedural background of Beaux Equity, LLC, which I'll refer to as Beaux or the debtor, filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code on January 9th, 2025.

On April 2nd, 2025, the Shorivger Trust filed a proof of claim, which is identified on the claims register as proof of claim 3-1, asserting a claim of 2,834,567 dollars secured by real property, commonly known as 5405, 5409 and 5411 18th Avenue, Brooklyn, New York.

The proof of claim states, in part, that the claim is only being asserted by Shorivger Trust in the event a judicial determination is made that the trust does not own the real property.  The debtor claims an equitable interest in the real property as its sole asset.

In the event a judicial determination is made that the trust does not own the real property, then the trust asserts a secured claim in the amount of 2,834,567 dollars secured by the real property.  The basis of the claim is that the trust paid that sum for the real property.  The proceeds of which were disbursed in accordance with instructions given by Yaakov Pollack, the debtor sole member, in the event it is judicially determined that the trust is not the owner of the real property, and the trust is entitled to the return of that sum.

Beaux Equities,LLC

The debtor filed a complaint commencing this adversary proceeding on September 2nd, 2025.  Defendant filed this motion to dismiss.  And defendant has filed -- and debtor, who's the plaintiff, has filed an objection to the motion to dismiss.

In short, the complaint asserts three claims for relief.  And the complaint alleges, among other things, that the trust is a Shorivger Trust organized under New York law, complaint paragraph 8.  Rafael Grossman is the trustee of the trust, complaint at paragraph 1.  Israel Grossman is Raphael Grossman's brother, complaint at paragraph 17.

Yaakov Pollack was the debtor sole member,  complaint at 16.  When I say at 16, it's paragraph number not page number.  Moshe Pollak is Yaakov Pollak's brother, complaint at 18.  The Polloks and the Grossman's are related through marriage, complaint at 18.

Commencing November 2013, Shorivger started lending money to the Pollok's, complaint at 16.  Many, though not all, of those loans were memorialized by a series of heter iska or iska notes, complaint at 21.  The iska notes were signed by Yaakov Pollack in his individual capacity, complaint at 25.

On March 29th, 2016, Yaakov Pollack accused the -- caused the debtor -- let me do that again.  On March 29th, 2016, Yaakov Pollack caused the debtor to execute a deed purporting to transfer the property, just those three addresses I referenced earlier -- o transfer the property to Shorivger,

Beaux Equities,LLC

complaint at 33.

Yaakov Pollak and Israel Grossman agreed the deed to the property was security for loans made by Shorivger to the Pollack's, complaint at 34.  On March 30th, 2016, Yaakov Grossman signed a letter prepared by Raphael or Israel Grossman acknowledging the deed was executed as security for the loans, complaint at 36.

So yes, the debtor asserts three claims for relief. In the first claim for relief, the debtor seeks a declaratory judgment that the deed conveying the property to the Shorivger Trust is not an outright conveyance of the properties, but a mortgage by operation of law pursuant to New York Real Property Law, Section 320.

In the second claim for relief, the debtor seeks declaratory judgment that the deed is not enforceable against the debtor because the debtor is not a signatory to the agreements and received no consideration for the deed, and therefore, the deed is void by operation of law pursuant to New York General Obligations Law 5-703.

In the third claim for relief, the debtor seeks an order disallowing and expunging the proof of claim because the Shorivger Trust does not hold a claim that is enforceable against the debtor because Shorivger Trust's mortgage is not valid and enforceable.

Defendant seeks dismissal of the first claim for

Beaux Equities,LLC

relief for failure to state a claim, and, if defendant is successful in obtaining dismissal of the first claim for relief, then the defendants claim the debtor's second and third claims for relief must be dismissed.

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure incorporate 12(b)(6) of the Federal Rules of Civil Procedure and permits a bankruptcy court to dismiss an adversary proceeding or cause of action if the plaintiff's complaint fails to state a claim upon which relief can be granted.

"The question in a Rule 12 motion to dismiss is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."

In re Moyer Group, Inc., 586 B.R. 401, at page 407 (Bankr. S.D.N.Y 2018), the purpose of a Rule 12(b)(6) motion "[I]s to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer."

Citibank NA v. KH Corp., 745 F. Supp. 899 at page 902 (S.D.N.Y. 1990), in determining a motion to dismiss under 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Bell Atlantic Court v. Twombly, 550 U.S. 544 at pages 555 to 56 (2007); Bellin v. Zucker, 6 F.4th, 463 at page 473, (2d Cir. 2021).

Beaux Equities,LLC

To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal 556 U.S. 662 at page 678 (2009), "Facial plausibility of a claim exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"A court need not accept conclusory or subjective allegations.  See Iqbal 556 U.S. at 678.  When deciding a motion to dismiss for failure to state a claim, the court is confined to the allegations within the four corners of the complaint, which may include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken."  Libby v. Village of Atlantic Beach, 982 F. Supp. 2d 185 at page 201 (E.D.N.Y. 2013).  See also Chambers v. Time Warner Inc., 282 F.3d 147 at page 152 to 53 (2d Cir. 2002).

Regarding the first claim for relief,  plaintiff seeks judgment against defendants, declaring the deed should be deemed a mortgage under New York RPL Section 320, which states "A deed conveying real property which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage.  And the person for whose

Beaux Equities,LLC

benefit such deed is made derives no advantage from the recording thereof, unless every writing operating as a defeasance of the same, or explanatory of its being desired to have the effect only of a mortgage or conditional deed is also recorded therewith, and at the same time."

"Section 320 codifies the common law as enunciated in cases for over a century.  It is an established doctrine that a court of equity will treat a deed absolute in form as a mortgage when it is executed as security for a loan of money." Leonia Bank v. Kouri, 3 A.D.3d 213 at page 217 (2004). Internal quotations omitted.

"The receipt of a document entitled deed rather than mortgage does not alter the effect of the instrument."  Id.

"The statute does not require a conclusive showing that the transfer was intended as security.  It is sufficient that the conveyance appears to be intended only as a security in the nature of a mortgage."  Id.

The complaint alleges facts sufficient to plead a cause of action under New York RPL Section 320.  Specifically, the complaint alleges that in December 2013 Shorivger through Grossman started advancing monies to Yaakov Pollak and Moshe Pollak, complaint at 15.  Complaint also alleges that many, though not all, of those loans were memorialized by a series of heter iskas or the iska notes, complaint at 21.

On March 29th, 2016, Yaakov through the debtor,

Beaux Equities,LLC

executed a deed purporting to transfer ownership of the properties to Shorivger, complaint at 33.  At the time of execution of the deed, Yaakov and Grossman mutually agreed that the deed was executed as security for the Shorivger loans and was not an outright conveyance, complaint at 34.

The next day, on March 30th, 2016, Yaakov signed a letter which was prepared by Grossman and/or the trustee of the trust, acknowledging and memorializing the fact that the deed was executed as security for the Shorivger loans, complaint at 36.

That March 30th, 2016 letter states, "I, Yaakov Pollack, agree to transfer the deed for the properties to Shorivger Trust if the loan we have is not paid back by December 31st, 2016.  I agree to not take out an additional mortgage on the properties.  The iska profits will be paid up to date by June 30th, 2016.  I am signing on condition Mr. Grossman does not record the transfer of deed until the above date, 12/31/2016, and I be given written notice prior to the transfer," complaint at paragraph 37.

So based on those allegations, the complaint includes factual allegations, if accepted as true, that would entitle plaintiff to a declaration under New York RPL 320 that the deed was intended as security and not an absolute transfer of ownership.  The allegations are factual allegations.  They're not conclusory allegations and are not just restatements of the

Beaux Equities,LLC

elements of the proof of claim.

Defendant argues that the first claim must be dismissed because plaintiff has failed to offer any proof that the deed was not acknowledged.  However, plaintiffs are not required to plead specific evidence or extra facts beyond what is needed to make the claim plausible.  Arista records LLC v. Doe 3, 604 F.3d 110 at pages 120 to 21 (2d Cir. 2010).  The Court will determine whether the deed was properly acknowledged, if that's relevant after the Court hears evidence.

In that same regard, the trust argues today that the deed doesn't include any of the terms of the mortgage.  The statute does not seem to require that the deed include those mortgage terms, and the terms of that mortgage can be determined when the Court hears evidence.

Defendant claims the first claim must be dismissed because plaintiff cannot prevail due to the doctrine of equitable estoppel.  As stated in 2027 Deerfield Limited v. RJT Food & Restaurant, LLC, that's in re RJT Food &Restaurant, LLC, 675 B.R. 5 -- I'm sorry, 657 at pages 672 to 73 (Bankr. E.D.N.Y 2025) which case is cited by the defendant, Judge Grossman said with respect to the doctrine of equitable estoppel, that "That doctrine is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the

Beaux Equities,LLC

former's words or conduct.  Under New York law, the elements of equitable estoppel are, with respect to the party estopped, one, conduct which amounts to a false representation or concealment of material facts; two, intention that such conduct will be acted upon by the other party; and three, three knowledge of the real facts.  The party asserting estoppel must show with respect to itself lack of knowledge and the means of knowledge of the true facts, reliance upon the conduct of the party to be estopped, and three, prejudicial change in its position.  The doctrine of equitable estoppel should be applied with great caution when dealing with realty."  Id. at pages 272 to 73, internal quotations and citations are omitted.

Judge Grossman decided RJT on a motion for summary judgment under Federal Rule of Civil Procedure 56.  Judge Grossman considered all admissible evidence inclusive of affidavits and documents not included in the complaint because summary judgment is appropriate when the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(a).

In contrast, defendants motion that I'm considering today is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  As such, this Court is confined to considering the allegations in the complaint, the documents

Beaux Equities,LLC

attached or referenced in the complaint, and documents of which the Court may take judicial notice.  The Court is precluded from considering the defendant's affidavits and documents that were submitted in connection with defendant's motion.

And I would note that the mortgages that the defendant alleges were given and that is the basis for the equitable estoppel argument were not included in the complaint.  More importantly, RJT -- Judge Grossman denied the motion for summary judgment in RJT, on the theory of equitable estoppel because the movants failed to prove that plaintiffs intended that their conduct would be acted upon by the defendants.  And the court observed that, "Issues of intent are fact driven and generally not susceptible to resolution on summary judgment.

Equitable estoppel is a fact-intensive argument and the knowledge of the defendant, the intent of the plaintiff are items that I would have a tough time determining on summary judgment, much less a motion to dismiss.  Therefore, to the extent the defendant's motion to dismiss is based on equitable estoppel the motion is denied.

And as the Court has not dismissed the first claim then the Court will not consider defendant's motion to dismiss the second claim or the third claim.  All right.  So motion to dismiss is denied.

Mr. LeBrun, since you're the big winner you should submit an order to that effect.  Run it by Mr. Kulak before you

Beaux Equities,LLC

upload it to my order box.  All right.

Now, the motion for for summary judgment in Powercat v. Beaux Equities.  So I heard oral argument on that, and I reserved.  I gave you some thoughts.  I don't think we need to argue it again.  And I think my decision is going to be very narrow just because I think that the claims of relief in this adversary proceeding should be handled in the adversary proceeding number 25-1105.  That being said, is there anything that you want me to consider before I give my ruling on the motions for summary judgment in adversary proceeding 25-1037?

MR. LEBRUN:  No, Your Honor.  Nothing further to add at this time.

THE COURT:  All right.  Mr. Kulak?

MR. KULAK:  Judge, Lawrence Kulak.  No, nothing I have to add today.

THE COURT:  All right.  Concerning the decision on the motions for summary judgment in adversary proceeding 25-1037, and again, just by way of preview, this is not an elegant decision.  But again, I just want to give you these decisions so you can move forward and get to the substance of the claims and, hopefully with Mr. Luckman's help, resolve them.

All right.  The Court has jurisdiction to hear and determine this contested matter under 28 U.S.C. 157(a), (b)(1) and 1334(b), and the standing order of reference entered by the United States District Court for the Eastern District of New

Beaux Equities,LLC

York dated August 28th, 1986, as amended by the order dated December 5th, 2012.

This contested matter is a court proceeding under 28 U.S.C. 157(b)(2)(A) and (C).  In that regard, in this adversary proceeding, the debtor asserts cross-claims against the Shorivger Trust and it's trustee.  The trust filed a proof of claim in the main case, and the debtor's cross-claim is related to the trust's proof of claim.

By way of procedural background just in brief.  In December 2017, Powercap commenced an action in New York state court alleging that the defendants defrauded Powercap.  Among other things, Powercap alleged that Yaakov Pollok executed and recorded a declaration that the debtor, Beaux Equities, would not mortgage or convey certain property, commonly known as 5405, 5409 and 5411 18th Avenue, Brooklyn, which I'll refer to as the property or the properties.  And that the debtor wouldn't mortgage or convey those properties without Powercap's consent.  And notwithstanding that declaration, the debtor conveyed the property to the trust.

The debtor Yaakov Pollak and Moshe Pollak answered in counterclaim.  They alleged that Powercap extended loans, but the loans were usurious and unenforceable.  In connection with resolving the claims between Powercap on the one hand and the debtor and the Pollacks on the other hand, the state court held that the debtor, as a limited liability company, could not

bring an action seeking a declaratory judgment that the Powercap loans violated New York's usury statutes.

Rather, a limited liability company, like the debtor, could only raise usury as an affirmative defense.  And you'll find that decision on the docket of this adversary proceeding at ECF 62.  The claims by and against Powercap were resolved prior to the commencement of the debtor's Chapter 11 case.

The debtor, Yaakov Pollok and Moshe Pollok also asserted cross-claims against the Shorivger Trust and Raphael Grossman as trustee of the trust.  The debtor and the Polloks alleged that Israel Grossman made advances to Yaakov Pollok and his company, YGM Group LLC, approximating a two and a half million in the aggregate, and that those loans were memorialized in heter iskas, which are loan agreements that comply with Jewish law.  The debtor and Polloks sought an order requiring the Shorivger Trust and Grossman to return the heter iskas to the debtor and the Pollok's without requiring repayment of the advances.

The debtor and the Polloks also allege the Shorivger Trust and Grossman wrongfully and fraudulently recorded the deed that transferred the property to the trust and requested declaratory judgment that the conveyance be deemed void and unenforceable.

Shorivger and Raphael Grossman answered the cross-claim in June of 2018.  Shorivger and Grossman asserted a

cross-claim against the debtor and the Polloks, seeking a declaration that the Shorivger Trust is the rightful owner of the property. The debtor and the Polloks answered the cross-claim.

Thereafter, Beaux Equities, the debtor, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and that was filed in January of 2025. On April 2nd, 2025, the Shorivger Trust filed a proof of claim, which is identified as proof of claim number 3-1 and asserts a claim in the amount of a little over 2.8 million secured by the properties.

I read the language of the proof of claim into my decision in adversary 25-1105. I'm not going to repeat that language here. You'll just have to refer to earlier in the transcript of this hearing.

On April 9th, 2025, the debtor removed the state court action to this court, and that action is pending now in adversary proceeding -- as adversary proceeding 25-1037. On May 9th, 2025, Shorivger and Raphael moved for remand. That motion was withdrawn without prejudice to renew.

The parties stipulated to a schedule for filing motions for summary judgment, and the Court heard argument on August 11th, 2025, and reserve judgment. The debtor seeks summary judgment on two issues.

First, the debtor seeks a declaratory judgment that

Beaux Equities,LLC

the Shorivger loans are usurious and unenforceable against the debtor.  The debtor argues the interest on the loans from the trust to exceed twenty-five percent, and are therefore void as violative of New York's criminal usury statutes.

Second, the debtor seeks declaratory judgment that the conveyance of the property to Shorivger is unenforceable.  The debtor does not argue the deed is unenforceable due to fraud or on other grounds set forth in its counterclaim.  Instead, the debtor seeks judgment that the deed is not an absolute conveyance of title, but a conveyance of security for a loan under New York RPL 320, and the deed should be treated as a mortgage.

The trust has also moved for summary judgment, and the trust seeks summary judgment that the debtor's usury claim must be dismissed on the doctrine of love (ph.) the case and collateral estoppel.  As set forth above, the state court judge ruled that under applicable New York law, an entity such as the debtor may assert usury only as a defense and cannot assert usury as a direct cause of action against the lender.

The trust also argues that the debtor cannot assert criminal usury under New York State law, because the loans are in excess of two and a half million, and therefore, fall outside of New York's usury laws.

The trust also raised, in its reply to the debtor's motion for summary judgment, that the heter iskas cannot be

Beaux Equities,LLC

deemed usurious loans and instead must be interpreted under Jewish law.

On September 2nd, 2025, the debtor commenced an adversary proceeding against Shorivger, Israel Grossman, and Raphael Grossman that is pending under adversary proceeding Number 25-1105.  In that adversary proceeding, the Court asserts as its first cause for relief that the deed is not an absolute conveyance, but is merely a mortgage under New York. RPL 320.

In that adversary proceeding, the debtor does not raise the argument that the Shorivger loans are usurious. Instead, the debtor claims the Shorivger proof of claim must be disallowed and expunged because the debtor does not owe any money to Shorivger.  Rather Shorivger advanced funds to Yaakov Pollack and to his company, not the debtor.

Summary judgment is appropriate when the pleadings, the discovery, and disclosure materials on file, and any affidavits show there is no genuine issue as to any material facts, and that the movant is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(a).  The substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing la, will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or necessary will not be counted.  Anderson v. Liberty Lobby Inc.,

477 U.S. 242, at page 248 (1986).

In ruling upon a summary judgment motion, the Court's job is not to resolve disputed -- issues of fact, but to determine whether a genuine issue of fact exists.  Bethpage Federal Credit Union v. Friedman, 2018 Bankr. Lexis 2226 at page 5. (Bankr. E.D.N.Y.), citing Celotex Corp. v. Catrett, 477 U.S. 317 at page 330 (1986).  When viewing the evidence, the Court must assess the record in light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor.  Weinstock Beer v. Columbia University, 220 F.3d 33 at page 41, (2d. Cir. 2000).

The Nonmoving party must show that there is more than a metaphysical doubt regarding a material fact, and may not rely solely on self-serving conclusory statements.  Bethpage Federal Credit Union, 2018 Banker Lexus at page 5.

Regarding criminal use of a transaction is usurious under criminal law when it imposes an annual interest rate exceeding twenty-five percent.  Paycation Travel Inc. v. Global Merchant Cash, Inc. 192 A.D.3d., 1040 at page 1041 (N.Y. App. Div. 2021).

Under New York General Obligations Law 5-521, a corporation cannot interpose the affirmative use of usury in any action except as an affirmative defense to criminal usury, and then only as a defense to an action to recover repayment of a loan, and not as a basis for a cause of action asserted by

Beaux Equities,LLC

the corporation for affirmative relief.  Paycation Travel, Inc. 192 A.D.3d. at 1041.  See e.g. LG Funding, LLC v. United Senior Properties of Olathe, LLC., 181 A.D.3d 664 (N.Y. App. Div. 2020).

The trust is correct that usury may not be asserted as a direct cause of action and must be asserted only as a defense.  However, in the bankruptcy trust, the trust has filed a proof of claim which is substantively the same as commencing an action to collect a debt.  The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case In re Brosio, 505 B.R. 903 at page 912-913, (9th Cir. BAP 2014), and see cases cited therein.

A claim objection by the debtor is analogous to an answer.  O'Neill v. Continental Airlines, 928 F.2d 127 at page 129 (5th Cir. 1991) and In re Cruisephone, Inc., 278 B.R. 325 at page 330 (Bankr. E.D.N.Y. 2002).  So the debtor's objection to the proof of claim included in this adversary proceeding -- I'm sorry, included in adversary proceeding 25-1105 and the allegations in this adversary proceeding that the trust's claims against the debtor are unenforceable based on usury is a defensive use of the usury statute, as opposed to an affirmative request for relief.  Therefore, the debtor is not barred by law of the case or collateral estoppel from seeking to disallow the claim based on usury.

The trust also argues that the debtor cannot use a

Beaux Equities,LLC

defense of usury because the statute is inapplicable to loans over two and a half million, and the loans from the trust to the debtor -- and the loans from the trust to Yaakov Pollack and its related entities exceed two and a half million dollars.

The debtor, on the other hand, argues the loans were made at different times using different iska notes and should not be aggregated for the purposes of the usury statute. That's a disputed question of fact that the Court will have to decide if the Court actually reaches the issues of usury. But the Court is going to deny the motion for summary judgment because there is a disputed issue of fact concerning the amount of the loans.

Lastly, the Court rejects the trust's argument that the Court is required to interpret the notes using Jewish law. The trust cites no authority to support its contention. And the Court notes that decisions interpreting heter iskas from state court interpret them in connection with New York law as opposed to religious law.

So for example, in Kirchner v. Pollack Square, LLC, 16 N.Y. Supp. 3d 792 (2015), Westlaw 1723411, the New York Supreme Court stated, albeit in dicta, that a heter iska is a device -- was a device developed in the 12th to 14th centuries to overcome the biblical prohibition against charging interest by one Jew to another. It has been described as a loan structured in a certain way under Jewish law that allows

interest.  It has been held that a heter iska constitutes merely a compliance in form with Hebraic law, and does not create a partnership, joint venture or profit sharing agreement.  So we already have applicable law that this Court would use to interpret the heter iska notes that don't interpret it in accordance with Jewish law.

I'm not saying the fact that I feel that the debtor's motion, the debtor's claim for a declaration that the loans are unenforceable due to usury, notwithstanding that that survives the defendant's motion for summary judgment, I am not going to rule on the debtor's motion for summary judgment to declare the loans usurious.  I think it's premature.

In connection with adversary proceeding 25-1105, the debtor argues it does not owe the debt at all, because the debtor did not sign any of the iska notes.  The trust itself asserts its proof of claim against the debtor is only a contingent claim that would only arise if the deed for the property is treated by this Court as a mortgage and not a deed.

Although the Court has not dismissed the first claim for relief an adversary proceeding 25-1101, the Court has not yet determined that the debtor should be successful in that first claim for relief to recharacterize the deed as a mortgage so, therefore, this Court will consider the debtor's motion for summary judgment on usury only if the Court actually grants the relief requested in the complaint in 25-1105 and

Beaux Equities,LLC

recharacterizes the deed as the mortgage, and then also denies the debtor's request to disallow the claim itself, the trust claim on the basis that the iska notes are unenforceable against the debtor.

So the Court is going to rule on the issues in adversary proceeding 25-1105 and then, if necessary, I'll circle back and address the claims in adversary proceeding 25-1037.

So both motions for summary judgment are denied as set forth on the record of the hearing.  And I leave it to you, Mr. LeBrun and you, Mr. Kulak, to submit your own orders or to work on an order together that memorializes that ruling.

So I guess the next thing we need to do is to schedule discovery in adversary proceeding 25-1105.  But let me take a step back, Mr. LeBrun.  Does that make sense?

MR. LEBRUN:  for the most part, Your Honor.  Just to clarify.  So the debtor's motion for summary judgment the portion regarding usury is not being ruled on at this time and is being reserved for later judgment.

THE COURT:  Exactly.  I'm not going to address it until there's actually a claim against the debtor.

MR. LEBRUN:  Thank you.  Yes I understand.  Thank you.

THE COURT:  All right.  Mr. Kulak, I just want you to weigh in.  Does it make sense to schedule discovery in Beaux Equity v. Shorivger?  I think you're still on mute.

MR. KULAK:  I apologize.

THE COURT:  Actually don't apologize.  Thank you both for putting yourselves on mute while I read my decision. Hopefully the transcript will be cleaner that way.  Go ahead, sir.

MR. KULAK:  I think it does make sense.  But, from my point of view, the topic that requires urgent discovery is that check that we spoke about at the beginning of this afternoon's proceeding because, depending on what that discovery reveals, I may want to seek certain relief from the Court.

So my primary -- as soon as we're off of this proceeding, I intend to call Mr. Rosen and Mr. LeBrun to forward the check and to have some discussions about that.  And hopefully we can proceed expeditiously regarding that.  But with that off to the side. Yes, it makes sense to me that we pursue the discovery and the second adversary proceedings, The Beaux Equities and Shorivger Trust.

THE COURT:  All right.  So what I'm going to do is I'm just going to give you an arbitrary, meaningless deadline to complete discovery.  That's about sixty days out.  And then I'm going to have you come back in about seventy-five days on that adversary proceeding so I can take your temperature.  And as long as you're rocking and rolling on discovery and moving it forward, even if you haven't completed discovery, I'll give you a reasonable amount of time.  And I think that you can do

Beaux Equities,LLC

discovery in that adversary proceeding simultaneously with or in addition to -- sorry, in addition to the discovery that you need to do with respect to that check.

MR. LEBRUN:  Your Honor.

THE COURT:  Yes.

MR. LEBRUN:  Thank you.  Daniel LeBrun for the debtor, your Honor.  Your Honor, first of all, I don't know that the check has anything to do with -- I don't know that the check has anything to do with these adversarial proceedings.  That may be grounds for a separate motion, but I don't think --

THE COURT:  No, I think it does because if the check is what Mr. Kulak suggests, you're not going to be the plaintiff.  The Chapter 11 Trustee is going to be the plaintiff.

MR. LEBRUN:  No, I understand that.  I said that would be a separate motion.  That's what I'm saying.  It's not in this proceeding.  It might affect it otherwise.  I was not minimizing that anyway, Your Honor.

THE COURT:  Sure.

MR. LEBRUN:  I already think I know what happened, but I'll deal with that.

THE COURT:  Of course.

MR. LEBRUN:  And my other question is because I have to tell you I haven't worked in (indiscernible) and I'm a little confused, but I'll figure it out in terms of between the

two adversary proceedings.  I assume nothing that you've ruled on today precludes us or prohibits us from filing our own summary judgment once the issue is joined in the new adversary proceeding.

THE COURT:  That's correct.  You know, I apologize. And thank you for that.  I mess it up.  What your order needs to do is set a deadline for Mr. Kulak's client to answer, which is twenty-one days from -- was it fourteen or twenty-one days from when I rule on the motion to dismiss?  I just don't remember.  Whatever it is, it is.  Build it into your order, and then it should be sixty days from then.  It should be sixty days from then.

MR. LEBRUN:  Thank you.

THE COURT:  Thank you for reminding me.  And it's just it's just late in the day, and I messed that up.  All right. So should we kind of set out a deadline to answer and then a deadline to complete discovery and then adjourn the pre-trial and the Beaux Equity adversary proceeding?  So maybe we should do that.

MR. LEBRUN:  We definitely want to keep them on the same track as much as possible.

THE COURT:  Yeah, sure.  Well, I think the other adversary proceeding Powercap v. Beaux Equity, I think what I need to rule on that -- in that adversary proceeding is the usury issue, and I don't think I need to.  I don't think I'm

going to address that until I finish up with deciding whether it's a mortgage and the Beaux Equity v. Shorivger adversary proceeding, and then just figuring out whether there is a proof of claim, any claim by the trust against the debtor.

Because if there is no claim against the debtor, because the debtor isn't liable on the iska notes, then the issue of usury goes away. I think that's what I was trying to say. So yeah, I agree that I'll adjourn them all out together, but I'm not planning on doing anything on usury until I get past those two threshold issues. Okay? All right. You're not --

MR. LEBRUN: I think so.

THE COURT: I know. Hopefully when you read the transcript, it'll make sense. I hope it makes sense. If it doesn't, I understand. I won't be insulted. Come back and I'll try to make a better job of it. Like I said, it was not an elegant. Neither one of them was a good decision. It's just I need to get you moving. All right? So that's why I did it.

MR. ROSEN: No, Your Honor. Avrum Rosen, I definitely didn't. And Mr. LeBrun will explain it all to me after we're done.

THE COURT: Yeah, I think Mr. LeBrun could explain a lot of things to both of us, so. All right.

MR. LEBRUN: Thanks, Your Honor. I'm not sure about

Beaux Equities,LLC

that, but I appreciate it.

THE COURT:  All right.  So today's the 5th.  Mr. Kulak, how much time do you want to answer?  Oh, you're on mute.  You're on mute.

MR. KULAK:  Lawrence Kulak, twenty-one days would be fine, Judge, if I could have twenty-one days.

THE COURT:  Sure.  And don't apologize.  You're following the rules, which is keeping yourself on mute while somebody else is talking.  All right.  So that's November 26th.  That's the day before Thanksgiving.  Is that okay, Mr. Kulak?

MR. KULAK:  Yes.  That's fine.

THE COURT:  All right.  So let's have discovery and -- December 26th, let's say -- just to keep it even, we'll say Friday, January 30th, right?  That's a little more than sixty days.  And then let's come back in February for the pre-trial conference.  And let me just see my dates in February.  How about February 11th at 11:30, does that work?

MR. KULAK:  February 11th at 11:30.  That'd fine for me.

THE COURT:  Thank you.

MR. LEBRUN:  That's fine as well for us.  Thank you, Your Honor

THE COURT:  All right.  May I impose upon -- I guess Mr. LeBrun, your plaintiff?  If you could memorialize those terms in an order, you know, short, sweet, and that way, none

Beaux Equities,LLC

of us will lose track of the deadlines, meaning me.  All right.

MR. LEBRUN:  No problem, Your Honor.

THE COURT:  Okay.  So I just want to go -- since there are so many matters on the calendar, I just want to go through the disposition on each one so that when we docket the entries, they'll be all clear.

So calendar Number 64, that's in Powercap v. Beaux, adversary proceeding 25-1037.  That's the notice of removal. I'll adjourn that to February 4th at 11:30.

MR. LEBRUN:  February 4th or February 11th?

THE COURT:  I'm sorry, February 11th.  February 11th. I just said February 11th.  I don't know why I said February 4th.

Calendar Number 65, that's the motion for summary judgment by Beaux Equities.  Motion denied as set forth on the record.  Submit order.

Calendar Number 66.  That's the pre-trial in adversary proceeding 25-1105.  That I'm going to adjourn to February 11th at 11:30.

Calendar Number 27, that's the motion to dismiss. Motion denied as set forth on the record.  Submit order.

Calendar Number 68, the order scheduling hearing on the debtor's claim objection.  I am adjourning that to February 11th at 11:30.

Calendar Number 69, that's the status conference.  I'm

Beaux Equities,LLC

going to adjourn that to February 11th at 11:30.

Mr. LeBrun.  Does that make sense?  I'm not so sure that there's too much to do in this adversary -- in this main case, except for dealing with the adversaries.  But I defer to you.

MR. LEBRUN:  That's correct.  Daniel LeBrun for the debtor.  That's correct, Your Honor.  Just dealing with the adversaries predominantly.

THE COURT:  And the motion to dismiss the case, I'll carry that also to February 11th at 11:30.  And I think that deals with everything on the calendar.

Mr. Kulak, Mr. Rosen, Mr. LeBrun, I know that you may have issues with respect to that check, and I may see you on discovery motions or other types of motions or conferences before February 11th.  I understand that you'll just reach out to Ms. Leonard if you need other dates, okay.

MR. LEBRUN:  Yes, ma'am.

MR. KULAK:  I'm sorry.  I couldn't hear you, Judge. I.  Sorry, I couldn't hear you.

THE COURT:  Oh, no, so I said, I know that you may need to be in court before February 11th, maybe with regard to a discovery dispute in connection with the check or some other basis.  So if you need to come back sooner for a conference or anything, just get in touch with Ms. Leonard at jmm_hearings. That's the email address you use if you needed it to come back

Beaux Equities,LLC

sooner than February.

MR. KULAK:  Thank you.

THE COURT:  All right.  Thank you so much.  Have a good day now.

MR. KULAK:  You too.  Your Honor, thank you.

MR. ROSEN:  Thank you, Your Honor.  Have a great day. Thank you.

MR. LEBRUN:  Thank you, Your Honor.

(Whereupon these proceedings were concluded at 3:37 PM)

C E R T I F I C A T I O N

I, Tamara Bentzur, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Tamara Bentzur*

_____

Tamara Bentzur (CET-824)

TTA-Certified Digital Legal Transcriber

eScribers

7227 North 16th Street, Suite #207

Phoenix, AZ 85020

Date:  November 28, 2025

I N D E X

| RULINGS: | PAGE | LINE |
|---|---|---|
| Defendant's motion to dismiss under equitable estoppel is denied. | 29 | 15 |
| Both motions for summary judgment are denied. | 40 | 5 |